1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JERALD W. DAVENPORT, JR., | CASE NO. C12-5524 RJB |
| Petitioner, | ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| PATRICK R. GLEBE, | |
| Respondent. | |

This matter comes before the court on the Report and Recommendation of the Magistrate Judge. Dkt. 13. The court has considered the relevant documents, and has reviewed the file *de novo*.

On June 15, 2012, petitioner, through counsel, filed a petition for writ of habeas corpus, claiming that (1) his trial counsel was constitutionally ineffective when he failed to communicate the State's plea offer to him, and told the State that he was a persistent offender, resulting in the State revoking the plea offer; and (2) his Sixth Amendment right to a jury trial was violated when the state court found facts not previously admitted in order to find his Oregon robbery conviction resulted in a "Strike". Dkt. 1.

1    On February 20, 2013, U.S. Magistrate J. Richard Creatura issued a Report and

2    Recommendation, recommending that the petition be denied.  Dkt. 13. On March 1, 2013,

3    petitioner filed objections to the Report and Recommendation.  Dkt. 14.  On March 13, 2013,

4    respondent filed a response to the objections.  Dkt. 15.

5    As an initial matter, respondent argues that petitioner's objections should be stricken

6    because they exceed the length prescribed by LCR 72.  Dkt. 15.  In the interest of fairness to

7    petitioner, the court has considered the overlength objections.

8    **Ineffective Assistance of Counsel**.  The Magistrate Judge concluded that petitioner's

9    trial counsel was not deficient because petitioner could not take a plea offer that was based on a

10   criminal history that counsel knew was inaccurate; and because his trial counsel could not have

11   gone forward with the plea agreement knowing that the criminal history was incorrect without

12   violating the Code of Professional Responsibility.  Dkt. 13, at 5-8.

13   In his objections, petitioner argues that the Report and Recommendation is in error

14   because petitioner's counsel did not merely identify the out of state conviction, but classified the

15   conviction as a "strike" to the State.  Dkt. 14, at 4.  Petitioner contends that, "where there is a

16   good faith argument that the State's classification is [in]correct and where that classification

17   greatly benefits the defendant, counsel acts competently by communicating the offer to his client,

18   explaining that comparability is an open question, but also explaining the doctrine of specific

19   performance of plea agreements."  Dkt. 14, at 4-5.  Petitioner contends that Washington cases

20   comparing Oregon robbery convictions to Washington convictions are inconsistent; and that

21   there are differences in the range of available defenses for a robbery conviction in Oregon versus

22   one committed in Washington.  Petitioner argues that "[t]here is no rule in Washington that

23   prevents a defense attorney from communicating a favorable plea offer to his client, even where

24

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DENYING PETITION
FOR WRIT OF HABEAS CORPUS- 2

1   that offer is based on a concession." Dkt. 14, at 9. Petitioner also argues that, had he been able

2   to accept the original plea offer, his counsel could have argued (if the State later discovered its

3   error) that petitioner was entitled to specific performance based on mistake. Dkt. 14, at 9-12.

4        In response to the objections, respondent argues that petitioner's trial counsel was not

5   required to offer to petitioner a legally flawed plea offer that misstated his criminal history; that

6   petitioner would not have been entitled to specific performance of a plea offer based upon

7   mistake on the part of the State about petitioner's criminal history because the mistake would not

8   have been mutual; that petitioner has not shown prejudice as a result of his counsel's failure to

9   present to him a legally flawed plea offer because prejudice cannot be predicated on the

10  possibility that petitioner might have benefited by an erroneous decision; and that, had

11  petitioner's counsel presented a legally flawed plea agreement to the court, counsel would have

12  violated his duty of candor toward the tribunal, RPC 3.3(a)(1). Dkt. 15, at 4-7.

13       A review of the record supports the conclusion of the Magistrate Judge. First,

14  petitioner's trial counsel would have violated the his professional responsibilities by presenting a

15  legally flawed plea agreement to the tribunal, in violation of counsel's obligations under the

16  Code of Professional Responsibility, RPC 3.3(a)(1), RCW 9.94A.441, and Washington State

17  Cr.R. 4.2; and petitioner would not have been entitled to specific performance of a legally flawed

18  plea agreement because there would have been no mutual mistake.

19       In his objections, petitioner appears to focus on the classification of his Oregon

20  conviction, rather than on the fact of that conviction. In essence, petitioner argues that the

21  ineffective assistance of counsel claim is based on defense counsel disclosing to the prosecutor

22  that the Oregon conviction was a "strike." Petitioner argues that, had he not informed the

23  prosecutor that the Oregon conviction was a "strike," his counsel could have presented the plea

24

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DENYING PETITION
FOR WRIT OF HABEAS CORPUS- 3

agreement to petitioner and to the court, and argued, if the plea agreement was challenged later, that the Oregon conviction should not be classified as a "strike."  Whether raising the "strike" issue (a legal determination) with the prosecutor was an impermissible "disclosure" at all is questionable, let alone unlawful in the context of plea negotiations.  Further, the Washington State cases petitioner cites are not on point, and do not provide a basis for arguing non-comparability of the Oregon conviction.  Significantly, here, the State court decisions concluded that the Oregon conviction was comparable to the Washington crime that would constitute a strike; petitioner has not shown that any such argument to the contrary would have had a chance of prevailing.  Finally, petitioner has not shown that he would have been entitled to specific performance based upon "mistake"; the mistake would have been unilateral, not mutual.

The court concurs with the magistrate judge that petitioner's ineffective assistance of counsel claim is without merit.  Petitioner has not shown that the state court adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts.

**Sixth Amendment Right to a Jury.**  The Magistrate Judge concluded that petitioner was not denied his right to a jury because the Washington Court of Appeals compared elements of second degree robbery in Oregon to the elements of the same crime in Washington, and did not look at the facts of the Oregon conviction; because the Washington Supreme Court relied on a procedural default to reject the claim, and addressed the factual basis of the Oregon conviction as an aside; and because the comparability determination is an issue of state law, not federal constitutional law.  Dkt. 13, at 8-9.

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DENYING PETITION
FOR WRIT OF HABEAS CORPUS- 4

1    In his objections, petitioner maintains that the "interest of justice" relitigation bar that the

2    Washington Supreme Court Commissioner relied upon to reject this claim has been

3    inconsistently applied, and therefore, should not preclude review of the merits of the claim.  Dkt.

4    14, at 12-15.  In addition, petitioner argues that the fallback position articulated by the

5    Commissioner in rejecting the comparability claim implicitly found facts related to the elements

6    of the crimes and defenses, and violated the Sixth Amendment when the Commissioner

7    determined those facts against petitioner.  Dkt. 14, at 15-16.

8    In the response, respondent argues that the determination of what constitutes a "strike" is

9    a matter of state law, not federal constitutional law; *Apprendi v. New Jersey*, 530 U.S. 466

10   (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004), do not prohibit a comparability analysis,

11   based upon the fact of a prior conviction; the sentence does not violate clearly established

12   Supreme Court precedent under *Blakely*; and, even if the Washington Supreme Court

13   Commissioner was in error as to the procedural defects in raising this claim, both the

14   Washington Court of Appeals and the Commissioner of the Washington Supreme Court

15   addressed the claim on the merits.  Dkt. 15.

16   Petitioner appears to agree that the comparability analysis and determination are matters

17   of state law.  *See* Dkt. 14, at 12.  The court concludes that *Apprendi* and *Blakely* do not prohibit

18   the state court from conducting a comparability analysis that is based upon the fact of

19   petitioner's Oregon conviction.   Even if *Apprendi* and *Blakely* did require that the determination

20   of what constitutes a "strike" be determined by a jury, however, such a requirement was not

21   clearly established at the time of petitioner's conviction.

22   Petitioner has not shown that the state court adjudication rejecting this claim and/or

23   affirming the conviction resulted in a decision that was contrary to, or involved an unreasonable

24

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DENYING PETITION
FOR WRIT OF HABEAS CORPUS- 5

1    application of, clearly established federal law, as determined by the Supreme Court; or resulted

2    in a decision that was based on an unreasonable determination of the facts in light of the

3    evidence presented to the state courts.

4        **Evidentiary Hearing**.  The Magistrate Judge concluded that petitioner is not entitled to

5    an evidentiary hearing.  In his objections, petitioner requests an evidentiary hearing, on the basis

6    that he has shown that he is entitled to an evidentiary hearing pursuant to *Townsend v. Sain*, 372

7    U.S. 293, 313 (1963), and that the allegations, if true, would entitle him to relief.  *See Hurles v.*

8    *Ryan,* 2013 WL 219222 (9th Cir. Ariz.)  In response, respondent argues that an evidentiary

9    hearing is not warranted because petitioner's ineffective assistance of counsel claim does not

10   entitle him to relief under 28 U.S.C. § 2254(d); petitioner's Sixth Amendment comparability

11   claim raises a purely legal issue that does not require fact-finding; and *Cullen v. Pinholster*, 131

12   S.Ct. 1388 (2011) limits the habeas court's review to the record before the state court that

13   adjudicated the claim on the merits.

14       The court concurs with the Magistrate Judge that *Cullen v. Pinholster, supra*, precludes

15   an evidentiary hearing, and that *Hurles v. Ryan, supra*, is distinguishable on the facts (where

16   habeas petitioner has not failed to develop factual basis of claim in state court, petitioner is

17   entitled to evidentiary hearing to develop claim of judicial bias).  Petitioner is not entitled to an

18   evidentiary hearing.  See Dkt. 13, at 4.

19       **Certificate of Appealability**.  The district court should grant an application for a

20   Certificate of Appealability only if the petitioner makes a "substantial showing of the denial of a

21   constitutional right."  28 U.S.C. § 2253(c)(3).  To obtain a Certificate of Appealability under 28

22   U.S.C. § 2253(c), a habeas petitioner must make a showing that reasonable jurists could debate

23   whether, or agree that, the petition should have been resolved in a different manner or that the

24

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DENYING PETITION
FOR WRIT OF HABEAS CORPUS- 6

1  issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*,

2  120 S.Ct. 1595, 1603-04 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

3       In this case, the court has determined that the two claims petitioner has raised do not

4  entitle him to relief.  However, the two issues presented are adequate to deserve encouragement

5  to proceed further.  The court should grant a Certificate of Appealability.

6       Accordingly, it is hereby

7       **ORDERED** that the Report and Recommendation of the Magistrate Judge (Dkt. 13) is

8  **ADOPTED.**  The petition for writ of habeas corpus is **DENIED**.  A Certificate of Appealability

9  is **GRANTED** on the following claims as set forth in the petition for writ of habeas corpus:

10      1.  Trial counsel provided ineffective assistance of counsel by failing to communicate the
        State's plea offer to Davenport and instead telling the State that Davenport was a
11     persistent offender resulting in the State revoking the offer.

12      2.  Davenport's Sixth Amendment right to a jury trial was violated when the State court
        necessarily found facts not previously admitted in order to find his Oregon robbery
13     conviction constituted a "Strike."

14       The Clerk is directed to send uncertified copies of this Order to all counsel of record and

15  to any party appearing *pro se* at said party's last known address.

16       Dated this 22nd day of March, 2013.

17

18

19      ROBERT J. BRYAN
         United States District Judge

20

21

22

23

24

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DENYING PETITION
FOR WRIT OF HABEAS CORPUS- 7